# EXHIBIT A

NYSCEF

New York County Supreme Court

**Document List**

**Index #   152929/2025**

Created on:03/18/2025 04:16 PM

Case Caption:   **Jane Doe v. Tal Alexander et al**

Judge Name:   **Leslie Stroth**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT *Corrected* partially signed OSC+Memo/Aff in support | Processed | 03/06/2025 | Timmermann, L. |
| 2 | RJI -RE: ORDER TO SHOW CAUSE RJI to Proceed Anonymously | Processed | 02/28/2025 | Timmermann, L. |
| 3 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #001) added index #, attached memo in support/ aff | Processed | 03/07/2025 | Timmermann, L. |
| 4 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #001) | Processed | 03/07/2025 | Timmermann, L. |
| 5 | ORDER TO SHOW CAUSE (Motion #001) | Processed | 03/10/2025 | Court User |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------------X

JANE DOE,                                   :        Index No:
                                            :
            Plaintiff,                      :        **SUMMONS**
                                            :
v.                                          :
                                            :        Plaintiff designates NEW YORK
                                            :        COUNTY as the place of trial
TAL ALEXANDER;                              :
OREN ALEXANDER;                             :
HANNAH BOULOS;                              :        The basis of the venue is:
and JOHN DOE,                               :        Plaintiff and Defendants Tal and Oren
                                            :        Alexander are residents of New York
            Defendants.                     :        County
                                            :
---------------------------------------------------------------X

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the inconvenience relief demanded in the Complaint.

Dated:  February 28, 2025
        New York, New York            **Lili M. Timmermann PA**



                        By:    *Lily Timmermann*
                               Lilian M. Timmermann
                               NY Bar #5444435
                               700 Rosemary Sq
                               Suite 204
                               West Palm Beach, FL 33401
                               Telephone: (202)-570-0296
                               lili@lmt-legal.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X
JANE DOE,                                          :      Index No:
                                                   :
                          Plaintiff,               :
                                                   :
v.                                                 :      **COMPLAINT**
                                                   :
TAL ALEXANDER;                                     :
OREN ALEXANDER;                                    :      **Jury Trial Demanded**
HANNAH BOULOS;                                     :
and JOHN DOE,                                      :
                                                   :
                          Defendants.              :
                                                   :
-----------------------------------------------------------X

Plaintiff Jane Doe, through her attorney, Lili M. Timmermann PA, hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      Tal Alexander and his twin brothers Alon and Oren Alexander have been involved in a scheme to traffic women and then drug, rape, and sexually assault them.

2.      The Alexander brothers would sometimes record themselves doing so without permission and for distribution and would often "pass" the women to business associates to also sexually assault them.

3.      The scheme lasted for over a decade, commencing at the latest in 2011 and ending around the time that their crimes were made public in 2024.  The Alexander brothers frequently relied on third parties to lure their intended victims from New York City to other locations in New York and in other parts of the country to be raped by the Alexander brothers and their associates, including business associates.

1

4. The scheme proceeded as follows: one of the three brothers would identify a victim to target, often in New York City, sometimes with the assistance of a "procurer."

5. He would then lure the targeted victim—using the promise of a party–to one of the Alexander brother's apartments in New York City or to another location where he was staying, if he was not in New York City. Frequently, when the targeted victim arrived at the location for the party there was no party taking place. At other times, the brother would lure the targeted victim already at a party to a different room in the same location under a false pretense.

6. The brother would then rape the targeted victim by force, coercion, and/or by drugging her first.

7. On occasion he would record the assault and, on information and belief, later distribute the recording.

8. If his brothers were present at the location where he raped the targeted victim, the brother would pass the victim to his brothers to also rape her. If the brothers were not present, he would tell his brothers to target the victim for future sexual assault. In this way, the brothers took turns raping the same woman—either on the same occasion or on separate occasions.

9. The brothers repeated this scheme repeatedly, with premeditation, over years and possibly decades.

10. Specifically in the case of Jane Doe, Oren Alexander lured her from a nightclub to his apartment in New York City by inviting her to a late-night afterparty taking place there.

11. When Jane Doe arrived, there was no party and she was suddenly alone with Oren.

12. Oren falsely imprisoned Jane Doe by coercion and force, and then by coercion and force vaginally raped her.

2

INDEX NO. 152929/2025
RECEIVED NYSCEF: 03/06/2025

Case 1:25-cv-02241-RA     Document 1-1     Filed 03/18/25     Page 6 of 40

13.     Weeks later, working through a woman known to Jane Doe as "Hannah Boulos,"[1] Oren and Tal Alexander arranged to traffic Jane Doe--under the guise of inviting her for a weekend at a luxury vacation home with undisclosed "friends" of Hannah Boulos— from New York City to the Hamptons.

14.     Once Jane Doe arrived at the Hamptons, Oren's brother Tal Alexander and Tal's associate, John Doe,[2] drugged Jane Doe and then brutalized and raped her, while attempting to record the assault.

15.     During the weekend, Tal Alexander and John Doe kept Jane Doe imprisoned against her will through the use of disabling drugs given to her without her consent.

16.     Oren Alexander thereafter tormented Jane Doe with the knowledge that he had raped her. With the threat of the humiliating and degrading video(s) being distributed or publicized looming over her—and the profound and ongoing emotional distress inflicted on her—Jane Doe's silence was ensured for years.

17.     Accordingly, Jane Doe brings this action against Tal and Oren Alexander, and against John Doe and Hannah Boulos as co-conspirators and facilitators, for their violations of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL"), including and separately for, Sexual Battery, False Imprisonment, Sex Trafficking, Conspiracy to Commit Sex Trafficking; Intentional Infliction of Emotional Distress; and Unlawful Dissemination of an Non-Consensually Obtained Intimate Image.

**JURISDICTION AND VENUE**

---

[1] Jane Doe subsequently learned that "Hannah Boulos" is likely an alias and that it may have been a fraudulent identity.
[2] John Doe's name is not known to Jane Doe but she has identified him in photos and disclosed his participation in her rape to law enforcement. On information and belief, law enforcement have been able to identify him

3

18.     The Court has personal jurisdiction pursuant to Civil Practice Law and Rules ("CPLR") § 301, inter alia, because Plaintiff and Defendants Tal and Oren Alexander reside in New York; and on information and belief, Hannah Boulos and John Doe, resided in New York at the time of the trafficking and assault. The amount sought in damages exceeds $50,000.

19.     Venue is proper in this County pursuant to CPLR § 503 because a substantial part of the events giving rise to Plaintiff's claims took place in New York County.

## PARTIES

20.     Plaintiff Jane Doe resides in New York, New York.

21.     Defendant Tal Alexander resides in New York, New York.

22.     Defendant Oren Alexander resides in New York, New York.

23.     Defendant Hannah Boulos's current residence is unknown.

24.     Defendant John Doe's name and residence is currently unknown.

## FACTUAL ALLEGATIONS

### I.    Oren Rapes Jane Doe

25.     Plaintiff, Jane Doe, met Defendant Oren Alexander at a party at a popular New York City night club in 2011. They spoke at the club that night but, although they had mutual acquaintances, they did not subsequently spend time together.

26.     Oren added Jane Doe on Facebook in April 2011.

27.     Later in the spring, Jane Doe ran into Oren again at another popular night club. Oren then invited Jane Doe to an afterparty at his apartment, which he informed her he shared with a roommate.

4

28. When they arrived at Oren's apartment, Jane Doe discovered that there was no party and no one else at the apartment. This was a common tactic of the Alexander brother's scheme—to lure women to their home under the pretext of a larger gathering.

29. Upon seeing that she was alone with Oren, Jane Doe politely made excuses to leave. Oren in response pressured and cajoled her to stay.

30. When Jane Doe insisted on leaving, Oren coerced her, including by taking her shoes and throwing them into a closet in his bedroom and also taking her cell phone and putting it in his nightstand.

31. Jane Doe repeatedly asked Oren to return her personal items. Realizing it was 4AM in the Chinatown/ Soho area and afraid to walk home—she could not get an Uber or even a cab without the personal items Oren was holding hostage—Jane Doe continued to plead with him that she wanted to go home and to give her back her shoes, jacket, and phone. Oren refused to return the items.

32. Oren then pushed Jane Doe onto the bed, removing her dress, and proceeded to vaginally rape her while wearing a condom.

33. After coercing Jane Doe to have sex with him and forcing her onto the bed and raping her, Oren then returned Jane Doe's coat and shoes but kept her cell phone.

34. After Oren removed himself from on top of her, freeing her to leave, Jane Doe took her shoes and ran into the street at night and fled home on foot without her phone.

**II.** **The Alexander Brothers Traffic Jane Doe to Suffolk County**

35. As part of their scheme, after raping Jane Doe, Tal and/ or Oren Alexander and their associates, set up for Jane Doe to be lured and transported from New York City to the Hamptons in Suffolk County.

36. In the summer of 2011, unbeknownst to Jane Doe, the Alexander brothers conspired with a woman—who Jane Doe believed, at the time, was her friend and known to her as Hannah Boulos—to invite Jane Doe for a luxury weekend in the Hamptons to stay at a guesthouse, which according to Hannah had been rented by Hannah's friends who were unknown to Jane Doe.

37. Weeks after Oren Alexander raped Jane Doe, Jane Doe and the woman calling herself Hannah Boulos took the train from New York City to a station in Long Island with which Jane Doe was unfamiliar.

38. On the train, Hannah Boulos painted Jane Doe's nails to get ready for what Jane Doe believed to be a vacation weekend in the Hamptons.

39. When Jane Doe and Hannah Boulos arrived at the train station in the Hamptons, two men Jane Doe had never met before were waiting for them in an SUV they were driving.

40. One of the two men introduced himself to Jane Doe as Tal Alexander.[3] Upon hearing Tal's surname, Jane Doe recoiled and asked if he was at all related to Oren Alexander. Tal Alexander responded that he had never heard of an Oren, continuing the deception and furthering the illegal scheme.

41. Tal's male acquaintance also introduced himself. Jane Doe could not remember the second man's name but identified him in photos. He is identified herein as John Doe.

42. On information and belief, the woman known to Jane Doe as Hannah Boulos acted as a "procurer" or "recruiter" for Alexander Brothers, luring women to locations where the brothers would then rape them.

---

[3] Unbeknownst to Jane Doe, Tal Alexander had been present at a party Jane Doe had attended in New York City on evening of July 3, which she only learned when, after he raped her, she saw he was visible in the background of a photo posted on Facebook.

### III.    Tal Alexander and John Doe Repeatedly Rape Jane Doe

43.    Upon arrival to the vacation house where Jane Doe expected to be a guest for the weekend, other guests were present. Jane Doe went to a room to change into a swimsuit to join them in the hot tub.

44.    When she came downstairs to the hot tub, Tal and John Doe offered her a glass of white wine they had poured and that, unbeknownst to her, on information and belief, contained illegal and/or legal drugs intended to incapacitate her or render her pliant.

45.    Jane Doe took two sips of the drink and from that point forward has only intermittent memory of what happened next.

46.    Tal and John Doe took turns to brutalizing and raping Jane Doe in various locations of the vacation home, including on the floor of what appeared to be a gym and in the sauna. Through the drug fueled haze, it seemed at times they raped her simultaneously.

47.    As a result of being drugged by Tal and John Doe, Jane Doe was unable to fight back or cry for help as they assaulted her. She remembers Tal and John Doe checking to confirm she was "out." At times she remembers trying to escape, crawling on the floor, but she could barely make her body respond, and Tal and John Doe easily overpowered her.

48.    At one point, John Doe batted Jane Doe around like a cat playing with a toy as her body was essentially limp. At another moment Tal left and returned with a tripod. Jane Doe remembers the sound of their laughter and the feel of heir hands as they held her down.

49.    Jane Doe's awareness and memory were severely impaired and she would come in and out of awareness, forming some crystal clear memories of what was done to her while having no memory at all of other moments.

50.    At times Tal and John Doe appeared to be recording the crimes on a video camera.

7

51.     When the effects of the drugs wore off, perhaps days later, and Jane Doe finally regained control and awareness, she was sitting on a lawn chair of the vacation home wearing a towel and parts of her bikini. Confused and stunned, knowing she had been raped, she tried to piece together how Tal and John Doe had been able to do that to her.

52.     Tal and John Doe told Jane Doe that she was "embarrassing," pointing to her chipped nail polish. John Doe held Jane Doe's hair extensions in his hands that he had ripped out of her hair, waved them at her, and told her she should probably "fix that. They instructed her to get her personal items and leave the house.

53.     The woman known as Hannah Boulos at that point returned to the house having been away without Jane Doe's knowledge.

54.     Hannah Boulos encouraged Jane Doe, who was humiliated and scared, to leave.

55.     As she left, Jane Doe saw two high school-aged girls wearing backpacks. They told her that they were from the local high school and at the house as guests. Afraid for them, but too stunned to say anything, Jane Doe left the house without warning the girls of what had happened to her. On information and belief, Tal Alexander also sexually assaulted these girls.

## IV.     **Jane Doe Suffers Extreme Emotional Distress**

56.     Jane Doe and Hannah Boulos got a ride back to the Jitney stop, then to New York City with an acquaintance Jane Doe ran into while waiting for the Jitney.

57.     Upon returning to New York City, Jane Doe told her friends what had happened to the extent she could make sense of it at the time.

58.     Later, while walking with her mother in New York City, Jane Doe ran into Oren Alexander. Jane Doe was stunned to see him and froze. Oren turned to Jane Doe's mother and said "like mother, like daughter.," and continued walking.

8

FILED: NEW YORK COUNTY CLERK 02/28/2025 07:52 PM | INDEX NO. 152929/2025
NYSCEF DOC. NO. 1 | RECEIVED NYSCEF: 03/06/2025

Case 1:25-cv-02241-RA    Document 1-1    Filed 03/18/25    Page 12 of 40

59.     Jane Doe's mother, not knowing what Oren was talking about, thought he was complimenting her. When her mother mentioned the "compliment" to Jane Doe, Jane Doe broke down crying and told her everything that Oren and Tal Alexander, along with John Doe, had done to her.

60.     Jane Doe learned that Tal and Oren Alexander were in fact related and that Tal had been intentionally deceiving her.

61.     Humiliated, in shock, and paralyzed with shame, Jane Doe attempted to actively suppress the memory of what had happened to her.

62.     Realizing that the woman she knew as Hannah Boulos and who she had believed to be a friend had in fact deceived her and set her up to be raped, Jane Doe cut off all further contact with her.

63.     Later that year, Jane Doe ran into Oren and Alon Alexander while skiing in Aspen at the mountaintop chalet and immediately left the chalet in a panic and raced down the mountain.

64.     In 2014, Jane Doe and her husband attended a party in the Hamptons with friends and ran into Tal at the party. Jane Doe immediately locked herself in the bathroom to hide and begged her husband to leave the party immediately.

65.     Years later, Jane Doe was once again skiing and had a flashback to seeing the Alexander twins at the ski chalet in Aspen.  She had a panic attack at the top of the mountain, uncontrollably sobbing to her ski instructor, and then had a complete breakdown hours later.

66.     Jane Doe has suffered irreparable psychological and emotional damage as a result of being raped by Tal Alexander, Oren Alexander, and John Doe, and being trafficked by Tal Alexander, Oren Alexander, Hannah Boulos.

9

67.     To This day, Jane Doe remains terrified that Oren, Tal or John Doe will make broadly public the video(s) she believes they made of assaulting her.

## V.     The Alexander Brothers Continue to Conspire to Traffic and Rape Women

68.     On information and belief, Tal and Oren Alexander, as well as their brother Alon, continued to target women to be raped through the time that their crimes were publicly disclosed in 2024.

69.     As part of their scheme for multiple brothers to rape the same women, the brothers frequently arranged for women to be trafficked from New York City to the Hamptons and other locations in New York and other states.

70.     The Alexander brothers would use deception and the false pretense of luxury accommodation or exclusive events, sometimes through co-conspirators and other third parties, to "procure" women to be raped.

71.     The Alexander brothers also shared their targeted victims with business associates and men in their network to build their brand as powerful men who were above the rules.

72.     The Alexander brothers relied on co-conspirators to help cover up the sexual assaults, including by lying to targeted victims about what had happened, attempting to shame the victims into not reporting the crimes, threatening victims, and otherwise covering up the Alexander brothers' involvement in drugging and raping the targeted women.

## FIRST CAUSE OF ACTION
### Violation of the Victims of Gender-Motivated Violence Protection Law,
### N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL")
### *Against All Defendants*

73.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

10

74. Defendants' conduct constitutes a "crime of violence" against Plaintiff and is a "crime of violence motivated by gender" as defined in § 10-1103 ("The term 'crime of violence' means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction," and "The term 'crime of violence motivated by gender' means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.").

75. The Defendants' conduct constitutes a sexual offense as defined in Article 130 of the New York Penal Law. The Defendant's conduct is also a crime of violence in New York State law and in federal, including but not limited to offences under 18 U.S.C. § 1595.

76. As a direct and proximate result of the crime of violence and gender-motivated violence, Plaintiff has sustained and will continue to sustain, monetary damages, physical injury, pain and suffering and serious psychological and emotional distress, entitling her to an award of compensatory and punitive damages, injunctive and declaratory relief, attorneys fees and costs and other remedies as this Court may deem appropriate damages, as set forth in § 10-1104.

77. Pursuant to § 10-1105(a), this cause of action is timely because it is commenced within "two years and six months after September 1, 2022."

78. This cause of action is also timely because the Defendant's conspiracy to commit these crimes ended in 2024, fewer than two years before the commencement of this action.

11

## SECOND CAUSE OF ACTION
### Sex Trafficking and Conspiracy to Commit Sex Trafficking under SOS § 483-bb
### *Against All Defendants*

79.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

80.     Defendants' acts and omissions, taken separately and/or together constitute a violation of both state (Penal Code § 230.34) and federal law (18 U.S. Code § 1591) prohibiting sex trafficking and creating a private right of action under SOS § 483-bb and 18 U.S. Code § 1595.

81.     Specifically, Tal and Oren Alexander perpetrated sex trafficking of Jane Doe by requiring her to engage in forced sexual acts in multiple jurisdictions; John Doe, Hannah Boulos facilitated and made possible that sex trafficking.  At all relevant times, Defendants participated in and facilitated the harboring and transportation of Plaintiff for purposes of sex induced by force, fraud, or coercion.

82.     This cause of action is timely because it is commenced within 15 years of the date of the sex trafficking crime and conspiracy to commit it, including the trafficking of Jane Doe and the wider scheme to traffic other women, which lasted for decades and likely ended as late as 2024.

83.     The offense of sex trafficking is also a predicate offence under the N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL") and timely under that statute because it is commenced within "two years and six months after September 1, 2022."

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### *Against All Defendants*

84.     Plaintiff repeats and realleges each and every allegation set forth above with the same effect as if fully set forth herein.

85.     Defendants through a pattern of extreme and outrageous conduct, which was beyond all possible bounds of decency, and which may be regarded as atrocious and utterly intolerable within a civilized society, assaulted, battered, molested, harassed, humiliated, degraded and retaliated against Plaintiff.

86.     Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.  Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency. Defendants caused Plaintiff to fear for her own safety.

87.     The infliction of distress is ongoing. Plaintiff has never ceased being haunted by what Oren and Tal Alexander, along with John Doe did to her, frequently having nightmares and flashbacks.  She has never been able to track down Hannah Boulos to confront her about what her role in Jane Doe's rape.

88.     This action is timely because it was commenced within a year of the Defendant's being arrested and ending their torment of her.  It is also timely Pursuant to § 10-1105(a), this cause of action is timely because it is commenced within "two years and six months after September 1, 2022."

## FOURTH CAUSE OF ACTION
### False Imprisonment
### *Against All Defendants*

89.     Plaintiff repeats and realleges each and every allegation set forth above with the same effect as if fully set forth herein.

90.     Oren Alexander, unlawfully and without legal authority restrained and deprived Plaintiff of her liberty against her will and without her consent.

13

91. Plaintiff reasonably believed she was not free to leave the place where Oren Alexander restrained her and there was no reasonable means of escape available to Plaintiff.

92. Plaintiff was in fact not free to leave Oren Alexander, and there was in fact no reasonable means of escape available to Plaintiff as Oren Alexander had taken her shoes and cell phone in a dangerous neighborhood at 4am.

93. The unlawful restraint and deprivation of Plaintiff's liberty imposed by Oren Alexander was intentional and was unreasonable and unwarranted under the circumstances.

94. Tal Alexander and John Doe, unlawfully and without legal authority restrained and deprived Plaintiff of her liberty against her will and without her consent.

95. Plaintiff reasonably believed she was not free to leave the place where Tal Alexander and John Doe restrained her and there was no reasonable means of escape available to Plaintiff.

96. Plaintiff was in fact not free to leave Tal Alexander and John Doe, and there was in fact no reasonable means of escape available to Plaintiff as they had drugged her.

97. The unlawful restraint and deprivation of Plaintiff's liberty imposed by Oren Alexander was intentional and was unreasonable and unwarranted under the circumstances.

98. The offense of false imprisonment is also a crime of violence under New York Penal Code and subject to remedies under the N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL"). It is timely under that statute because it is commenced within "two years and six months after September 1, 2022."

14

## FIFTH CAUSE OF ACTION
### Dissemination of Intimate Images under NYC Administrative Code § 10-180
### *Against Tal Alexander, Oren Alexander, and John Doe*

99.    Plaintiff repeats and realleges each and every allegation set forth above with the same effect as if fully set forth herein.

100.    Defendants procured intimate images of Plaintiff without her consent during her violent sexual assault in Suffolk County and, on information and belief, in New York City. On information and belief these images have been retained and may also have been disseminated to others.

101.    They have retained these images for their own sexual gratification and to ensure Plaintiff's silence.

102.    The retention of the intimate images obtained without consent is ongoing. As such, this action is timely commenced.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the City of New York;

B.    An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

C.    An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff

15

for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

      D.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, reputational harm and harm to professional reputation, in an amount to be determined at trial, plus prejudgement interest;

      E.      An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

      F.      Prejudgment interest on all amounts due;

      G.      An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and,

      H.      An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and,

      I.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

16

Dated:  February 28, 2025
       New York, New York          **Lili M. Timmermann PA**

By:    *Lily Timmermann*
           Lilian M. Timmermann
           NY Bar #5444435
           700 Rosemary Sq
           Suite 204
           West Palm Beach, FL 33401
           Telephone: (202)-570-0296
           lili@lmt-legal.com

17

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------

|  |  |
|---|---|
| JANE DOE, | : |
| Plaintiff, | : |
| v. | : |
| TAL ALEXANDER; OREN ALEXANDER; HANNAH BOULOS; and JOHN DOE | : |
| Defendants. | : |

**INDIVIDUAL VERIFICATION**

------------------------------------------------------------------X

State of New York
County of New York

    **I, JANE DOE** being duly sworn, deposes and says:

    I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: February 28, 2025
    New York, New York

By: ████████████

Sworn to before me this day of *Feb 28, 2025*

Notary Public

        **LUIS J. SAGBAY**
    Notary Public, State of New York
       No. 01SA0025379
     Qualified in Kings County
   Commission Expires 05/30/28

Scanned with
CS CamScanner

FILED: NEW YORK COUNTY CLERK 02/28/2025 07:52 PM
NYSCEF DOC. NO. 2    Case 1:25-cv-02241-RA    Document 1-1    Filed 03/18/25    Page 22 of 40    RECEIVED NYSCEF: 02/28/2025

INDEX NO. 152929/2025

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

**SUPREME** COURT, COUNTY OF **NEW YORK**

Index No: _____    Date Index Issued: _____

| For Court Use Only: |
|---|
| IAS Entry Date |
| |
| Judge Assigned |
| |
| RJI Filed Date |
| |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Jane Doe

Plaintiff(s)/Petitioner(s)

-against-

TAL ALEXANDER, OREN ALEXANDER, HANNAH BOULOS, and JOHN DOE

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERICIAL**
- ◯ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ◯ Contract
- ◯ Insurance (where insurance company is a party, except arbitration)
- ◯ UCC (includes sales and negotiable instruments)
- ◯ Other Commercial (*specify*): _____
  *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ◯ Asbestos
- ◯ Environmental (*specify*): _____
- ◯ Medical, Dental or Podiatric Malpractice
- ◯ Motor Vehicle
- ◯ Products Liability (*specify*): _____
- ⦿ Other Negligence (*specify*): vgmvpl
- ◯ Other Professional Malpractice (specify): _____
- ◯ Other Tort (specify): _____

**MATRIMONIAL**
- ◯ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ◯ Condemnation
- ◯ Mortgage Foreclosure (*specify*): ◯Residential  ◯Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ◯ Partition
  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ◯ Tax Certiorari (*specify*):  Section:_____  Block:_____  Lot:_____
- ◯ Tax Foreclosure
- ◯ Other Real Property (*specify*): _____

**SPECIAL PROCEEDINGS**
- ◯ Child-Parent Security Act (*specify*): ◯Assisted Reproduction  ◯Surrogacy Agreement
- ◯ CPLR Article 75 – Arbitration  [see *NOTE* in **COMMERCIAL** section]
- ◯ CPLR Article 78 – Proceeding against a Body or Officer
- ◯ Election Law
- ◯ Extreme Risk Protection Order
- ◯ MHL Article 9.60 – Kendra's Law
- ◯ MHL Article 10 – Sex Offender Confinement (*specify*): ◯Initial  ◯Review
- ◯ MHL Article 81 (Guardianship)
- ◯ Other Mental Hygiene (*specify*): _____
- ◯ Other Special Proceeding (*specify*): _____

**OTHER MATTERS**
- ◯ Certificate of Incorporation/Dissolution  [see *NOTE* in **COMMERCIAL** section]
- ◯ Emergency Medical Treatment
- ◯ Habeas Corpus
- ◯ Local Court Appeal
- ◯ Mechanic's Lien
- ◯ Name Change/Sex Designation Change
- ◯ Pistol Permit Revocation Hearing
- ◯ Sale or Finance of Religious/Not-for-Profit Property
- ◯ Other (*specify*): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◯ | ◯ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ◯ | ◯ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ◯ | ◯ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ◯ Infant's Compromise
- ◯ Extreme Risk Protection Order Application
- ◯ Note of Issue/Certificate of Readiness
- ◯ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ◯ Notice of Motion    Relief Requested: PROCEED ANONYMOUSLY    Return Date: _____
- ◯ Notice of Petition    Relief Requested: _____    Return Date: _____
- ⦿ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ◯ Other Ex Parte Application    Relief Requested: _____
- ◯ Partition Settlement Conference
- ◯ Request for Preliminary Conference
- ◯ Residential Mortgage Foreclosure Settlement Conference
- ◯ Waiver of Court Costs, Fees, and Expenses
- ◯ Writ of Habeas Corpus
- ◯ Other (specify): _____

**RELATED CASES**     List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| UNITED STATES V. ALON ALEXANDER, OREN ALEXANDER AND TAL ALEXANDER | 24 cr 676 | USDC SDNY | HON. VALERIE CAPRONI | CRIMINAL MATTER PENDING IN SDNY RELATED TO SAME OFFENSES |
| | | | | |
| | | | | |
| | | | | |

**PARTIES**     For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties: List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants: For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined: For each defendant, indicate if issue has been joined. | Insurance Carriers: For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: JANE DOE  Role(s): Plaintiff | LILIAN TIMMERMAN, 700 ROSEMARY CIR., WEST PALM BEACH, FL 33401, 202-570-0296; LILI@LMT-LEGAL.COM | ○ YES  ○ NO | |
| ☒ | Name: TAL ALEXANDER  Role(s): Defendant | CURRENTLY IN FEDERAL CUSTODY | ○ YES  ○ NO | |
| ☒ | Name: OREN ALEXANDER  Role(s): Defendant | CURRENTLY IN FEDERAL CUSTODY | ○ YES  ○ NO | |
| ☒ | Name: HANNAH BOULOS  Role(s): Defendant | UNKNOWN | ○ YES  ○ NO | |
| ☒ | Name: JOHN DOE  Role(s): Defendant | UNKNOWN | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____02/28/2025_____

_____Lily Timmermann_____
Signature

#5444435
_____
Attorney Registration Number

**LILIAN TIMMERMANN**
_____
Print Name

At I.A.S. Part_____ of the Supreme Court of the State of New York, County of New York, held at the Courthouse located at 60 Centre Street, New York, NY 10007 on the ___ th day of 2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------------------------X

JANE DOE

                             *Plaintiff,*

          -against -

**TAL ALEXANDER;**
**OREN ALEXANDER;**
**HANNAH BOULOS;**
**and JOHN DOE,**

                          *Defendants.*

----------------------------------------------------------------X

Index No.:152929/2025

| ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER |
| --- |

UPON reading and filing the annexed Affirmation of Lili M. Timmermann, Esq., of LILI M. TIMMERMAN, PA., dated February 28, 2025 and all other papers herein, including the Summons and Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part____ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, on the ___ th day of _____ ,2025, at ___ , or as soon thereafter as counsel may be heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 630 L and New York common law, deeming plaintiff's use of the pseudonym ·**JANE DOE"** and the caption of 'JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym "JANE DOE", and the caption to read "JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE and;

, Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

, Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym **"JANE DOE"**, and bear the caption **"JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE "** and directing the County Clerk to enter and record all papers in the action under the title **" JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANNAH BOULOS and JOHN DOE "**

• Granting such other relief as the court may deem just and proper.

• That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

**" JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE "**

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK**

---------------------------------------------------------------X

JANE DOE,

                        Plaintiff,              :

                           :

                           :

                v.              :

TAL ALEXANDER;                 :
OREN ALEXANDER;
HANNAH BOULOS;
JOHN DOE.                     :

               Defendants.     :

---------------------------------------------------------------X

ADC

HON. ARIEL D. CHESLER
JSC

MAR 05 2025    ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding
J.S.C.

for plaintiff under the pseudonym "JANE DOE" pursuant to New York common law and statutory

law, which affords sex assault victims the right to privacy pending a hearing.

ORDERED, that served of a copy of this order on defendants, by overnight service,

together with the papers upon which it is granted on or before the _____ day of

_____, 20____, be deemed good and sufficient service.

ORDERED, that opposition, if any, is due on or before the _____ day of

_____, 20____;

ORDERED, that reply papers if any, are due on or before the _____ day of

_____, 20____.

                                 ENTER:

_____
                                  JSC

ADC

JSC
HON. ARIEL D. CHESLER
MAR 05 2025
J.S.C.

Case 1:25-cv-02241-RA    Document 1-1    Filed 03/18/25    Page 27 of 40

## Attorney Affirmation

I affirm this 4th day of March, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Lilian Timmermann
NY Bar #5444435
LILI M. TIMMERMANN PA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

JANE DOE

            *Plaintiff,*                      **No.** 152929/2025 _____

            v.

TAL ALEXANDER, OREN
ALEXANDER, HANNAH BOULOS,
and JOHN DOE

            *Defendants.*

            ------------------------------------------------------X

## <u>AFFIRMATION IN SUPPORT OF</u> <u>PLAINTIFF'S</u>

## <u>MOTION TO PROCEED ANONYMOUSLY</u>

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel Lili M. Timmermann, PA, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to New York Uniform Rule 202.8-a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendant Tal Alexander's and Oren Alexander's sexual assaults of the Plaintiff in 2011 and the concerted efforts by all Defendants to establish, participate in and conceal their illegal conduct. In the Complaint (Dkt. No. 1), Plaintiff alleges that she first met the Defendants in New York City in 2011. One of the Defendants Oren Alexander raped Jane Doe in his apartment in New York City. He and Tal Alexander then arranged to have Jane Doe trafficked to Suffolk County where Tal Alexander and an associate whose name is unknown proceeded to violently rape her. Plaintiff was drugged and rape and believes the defendants video recorded the incident. This unimaginable trauma and the severe emotional and psychiatric toll it has taken on her justifies the requested relief.

As set forth in the Complaint, Defendants have cultivated a pattern of leveraging their wealth, status, and high-profile circles to manipulate and sexually exploit unsuspecting women through physical force, illicit drugs, coercion and false imprisonment.

## ARGUMENT

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), vacated on rehearing and modified on other grounds, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties"

to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted).

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS AND THREATS OF HARM.

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189-90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id.* at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

A. <u>This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature</u>

As to the first factor, Plaintiff's claims concern sexual assault and, accordingly, are highly sensitive and of a personal nature. In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims. *See Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity). An action need not involve rape or sexual assault specifically in order to permit a

plaintiff to proceed as a John Doe. *See Trooper 1 v. N.Y. State Police*, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted). Here, the Alexander Brothers are public figures and the media attention given to this case has been substantial.

Given this confluence of events, the media attention given to this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal her identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). *See also Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

B. <u>Plaintiff's Identification Poses a Risk of Retaliatory Physical and/or Mental Harm</u>

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). There is a significant risk here of physical harm to Plaintiff that cannot be ignored as defendants are known to have violently drugged and raped their victims.

In terms of mental harm, Plaintiff's experiences as described in the Complaint are traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. *See Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe v. Smith*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit will garner significant attention in the press, and if Plaintiff's identity is revealed to the public, there is little doubt that she would be inundated with unwanted attention from the media that would cause her extreme psychological distress. Plaintiff would certainly experience significant harm if she is forced to reveal her identity to the public.

C. <u>Defendants Will Not be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously</u>

Protecting Plaintiff by allowing her use of a pseudonym will not prejudice Defendants. The Complaint sets forth the factual basis for Plaintiff's claims in detail. Defendant cannot claim to be prejudiced in discovery here simply because Plaintiff may proceed anonymously.

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents. There is neither potential prejudice to the

Case 1:25-cv-02241-RA     Document 1-1     Filed 03/18/25     Page 34 of 40

Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

In any event, we are at the earliest stages of this case. Defendants' next step is to answer or file a motion to dismiss, neither of which requires disclosure of Plaintiff's identity. Any arguments regarding Defendants' need for additional information about Plaintiff later in the case are premature, and can be dealt with in the ordinary course of litigation as the case proceeds. *See Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016) (granting motion to proceed anonymously and rejecting arguments about impact of anonymity in later stages of litigation). This Court has routinely granted initial leave to file a complaint pseudonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage, suggesting that the standard for making the requisite showing is lower at the pleading stage. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion to proceed pseudonymously *at trial* after allowing plaintiff to proceed under pseudonym earlier in case).

D. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a

fictitious name." *Id*. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id*. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of sexual assault and the likelihood of further psychological injury overcomes any presumption of openness.

E. Allowing Plaintiff to Proceed Anonymously Furthers Public Interest

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested that she be able to proceed anonymously. As here, the plaintiff in Evans was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176. Plaintiff requests the same consideration here to protect her identity as she would suffer significant psychological harm if she is forced to reveal her identity to the public.

**CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: February 28, 2025

Respectfully submitted,

**Lili M. Timmermann PA**

By: _Lily Timmermann_
Lilian Timmermann

700 Rosemary Cir.
West Palm Beach, FL 33401
Telephone: (202)-570-0296
lili@lmt-legal.com

*Counsel for Plaintiff*
*NY Bar #5444435*

Case 1:25-cv-02241-RA Document 1-1 Filed 03/18/25 Page 37 of 40

## Attorney Affirmation

I affirm this 4th day of March, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Lilian Timmermann
NY Bar #5444435
LILI M. TIMMERMANN PA

E.

Present: Hon. _____HON. LESLIE A. STROTH_____
Justice

At I.A.S. Part __12__ of the Supreme Court of the State of New
York, County of New York, held at the Courthouse located at
60 Centre Street, New York, NY 10007 on the __10__ th day of
2025

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK
-----------------------------------------------------------X

JANE DOE

Plaintiff,

-against -

TAL ALEXANDER;
OREN ALEXANDER;
HANNAH BOULOS;
and JOHN DOE,

Defendants.
-----------------------------------------------------------X

Index No.: __152929__/2025

> ORDER TO SHOW
> CAUSE FOR A
> TEMPORARY
> RESTRAINING
> ORDER

MS#1 Other–Maintain
Pseudonym Caption

UPON reading and filing the annexed Affirmation of Lili M. Timmermann, Esq., of LILI M.
TIMMERMAN, PA., dated February 28, 2025 and all other papers herein, including the
Summons and Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part __12__ of the Supreme Court of the State
of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, Rm 328
on the __12__ th day of __June__, 2025, at __10:00 am__, or as soon thereafter as counsel may be
heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 630 L and New York
  common law, deeming plaintiff's use of the pseudonym ··**JANE DOE**" and the caption of
  'JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN
  DOE to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym "JANE DOE", and the
  caption to read "JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH
  BOULOS and JOHN DOE and;

1 of 3

▪ Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

▪ Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym **"JANE DOE",** and bear the caption **"JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE "** and directing the County Clerk to enter and record all papers in the action under the title **" JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANNAH BOULOS and JOHN DOE "**

• Granting such other relief as the court may deem just and proper.

• That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

**" JANE DOE v. TAL ALEXANDER, OREN ALEXANDER, HANAH BOULOS and JOHN DOE "**

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
------------------------------------------------------------X
JANE DOE,

                Plaintiff,

                v.

TAL ALEXANDER;
OREN ALEXANDER;
HANNAH BOULOS;
JOHN DOE.

                Defendants.
------------------------------------------------------------X

ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding

for plaintiff under the pseudonym "JANE DOE" pursuant to New York common law and statutory

law, which affords sex assault victims the right to privacy pending a hearing.

ORDERED, that served of a copy of this order on defendants, by overnight service,

together with the papers upon which it is granted on or before the ____13<sup>+</sup>____ day of

____March____, 20_25_, be deemed good and sufficient service.

ORDERED, that opposition, if any, is due on or before the ____30<sup>+</sup>____ day of

____May____, 2025;

ORDERED, that reply papers if any, are due on or before the _____ day of

_____, 20___.

ENTER:

SO ORDERED

Retd: 3/10/25

HON. LESLIE A. STROTH, J.S.C.

Index No. 152929/2025

*Handwritten stamps in left margin:* ADC — HON. ARIEL D. CHESLER, JSC, MAR 05 2025, J.S.C.; ADC — HON. ARIEL D. CHESLER, JSC, MAR 05 2025, J.S.C.