UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                Plaintiff,

         v.

TAL ALEXANDER, OREN ALEXANDER,
HANNAH BOULOS and JOHN DOE,

                Defendants.

No. 25-cv-2241 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff "Jane Doe" brings this action against Defendants Tal Alexander, Oren Alexander, Hannah Boulos and "John Doe," asserting claims under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), as well as for sexual battery, false imprisonment, sex trafficking, conspiracy to commit sex trafficking, intentional infliction of emotional distress and unlawful dissemination of a non-consensually obtained intimate image. Before the Court is Plaintiff's motion to proceed anonymously in this action. For the reasons that follow, the motion is denied.

## BACKGROUND

    The following facts are drawn from the complaint and assumed to be true for purposes of this motion. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020). Plaintiff met Oren Alexander ("Oren") at a nightclub in New York City in 2011. Dkt. No. 1-1 ("Compl.") ¶ 25. Several months later, Plaintiff saw Oren at another club and accepted an invitation to attend an after-party at his apartment. *Id.* ¶ 27. When they arrived, she discovered that there was no party, or anyone else present at the apartment. *Id.* ¶ 28. Plaintiff tried to leave but Oren took her phone and shoes and refused to let her go. *Id.* ¶¶ 30–31. Oren then allegedly pushed her onto the bed and raped her, after which she fled the apartment. *Id.* ¶¶ 32–34.

That summer, a friend known as Hannah Boulos[1] invited Plaintiff to a weekend in the Hamptons. *Id.* ¶ 36. They were picked up from the train station by two men, one of whom introduced himself as Tal Alexander ("Tal") but denied that he knew Oren after Jane Doe inquired. *Id.* ¶ 40. The other man was Defendant John Doe, who remains unidentified. *Id.* ¶ 41. After they arrived at the vacation house, Tal and John Doe offered Plaintiff a drink. *Id.* ¶ 44. She took two sips and lost almost all recognition of the events that followed. *Id.* ¶ 45. From what she does remember, Tal and John Doe allegedly "took turns . . . brutalizing and raping her in various locations of the vacation home." *Id.* ¶ 46. Plaintiff believes they recorded these actions on camera. *Id.* ¶ 50. After she regained awareness, Tal and John Doe called her "embarrassing" and told her to leave the house. *Id.* ¶¶ 51–52. Plaintiff later realized that Oren and Tal were brothers, and now believes that Boulos worked as their "procurer" in order to traffic her, as well as other women. *Id.* ¶¶ 42, 55, 68–72.

Oren and Tal Alexander were indicted, along with their other brother Alon, in December 2024 on federal sex trafficking charges. Plaintiff commenced this suit on February 28, 2025 in New York County Supreme Court under the pseudonym "Jane Doe." Dkt. No. 1 ¶ 1. Tal removed the action to this Court on March 18, 2025. *Id.* On March 20, 2025, the Court ordered Plaintiff to file a motion to proceed anonymously or face dismissal. Dkt. No. 7. Plaintiff filed the instant motion on April 21, 2025, Dkt. No. 13, which Oren and Tal oppose, Dkt. Nos. 17, 18.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." A district court, however, has "discretion to grant an exception" and "allow a party to proceed under

---

[1] Plaintiff now believes that Boulos' legal name is Hana Boulos and anticipates amending the caption to reflect this new information. *See* Dkt. No. 15 at 2 n.2

[2] Boulos and John Doe have not been served.

2

a pseudonym." *Doe v. Alexander ("Alexander I")*, No. 25-cv-1631 (JAV), 2025 WL 784913, at *1 (S.D.N.Y. Mar. 12, 2025). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

The Second Circuit has set forth ten non-exhaustive factors for courts to balance when ruling on a motion to proceed anonymously. These are:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of the prejudice (if any) differs at any

  particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

  (7) whether the plaintiff's identity has thus far been kept confidential;

  (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

  (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

  (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.

## DISCUSSION

  Plaintiff urges the Court to permit her to proceed anonymously, primarily citing the sensitive and embarrassing nature of her allegations, the potential that disclosing her identity would cause her humiliation and emotional distress and the lack of any harm to Defendants and the public interest. Dkt. No. 15 ("Plf. Br."). While the Court recognizes the profound burdens that confront sexual assault survivors who step into the public square, it nonetheless concludes that the *Sealed Plaintiff* factors do not permit Plaintiff to proceed anonymously here.

**I. Factor One: Matters of a Highly Sensitive and Personal Nature**

  The first *Sealed Plaintiff* factor asks whether the litigation involves matters of a highly sensitive and personal nature. 537 F.3d at 190. This case meets that criterion, as it involves allegations of sexual assault—a "paradigmatic example[]" of a "highly sensitive and personal

claim[]." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. May 3, 2021) (internal quotation marks omitted). Critically, however, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Alexander ("Alexander II")*, No. 25-cv-2107 (LJL), 2025 WL 1126617, at *2 (S.D.N.Y. Apr. 16, 2025) (internal quotation marks omitted); *see also, e.g.*, *Doe v. Combs ("Combs I")*, No. 24-cv-8852 (JPC), 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025); *Alexander I*, 2025 WL 784913, at *2; *Doe 1 v. Branca USA, Inc.*, No. 22-cv-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020). "Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Branca*, 2022 WL 2713543, at *2. While this factor weighs in Plaintiff's favor, it does not automatically entitle her to proceed via pseudonym.

**II.     Factors Two and Three:  Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm**

The second and third factors consider the potential risks of disclosing the plaintiff's identity, specifically "whether disclosure of the plaintiff's name in the course of the lawsuit would uniquely cause harm and how grave the resultant harm would prove to be." *Alexander I*, 2025 WL 784913, at *3 (internal quotation marks omitted). A plaintiff must therefore "establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Id.* (internal quotation marks omitted). "[S]peculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Doe v. Combs ("Combs II")*, No. 24-cv-7777 (LJL), 2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025) (quoting *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019)).

Plaintiff offers no more than speculation here. She provides no evidence of any existing or potential threats or intimidation that she would experience were her identity revealed. Although

5

she asserts that "other victims have alleged that the Alexander Defendants intimidated victims," she fails to cite examples or point to evidence in support of that general allegation. Plf. Br. at 8. And while she says that Tal intimidated his wife during their divorce proceedings, *see id.*, she does not allege that Tal targeted her in a similar manner. Plaintiff also suggests that Tal and Oren might intimidate her because they have "essentially limitless wealth and resources," *id.*, but that is just the sort of speculation that cannot establish a claim for anonymity, *see Combs II*, 2025 WL 722790, at *2. And in any event, Plaintiff acknowledges she has already provided her name to Defendants, which means that "permitting [her] to proceed anonymously would do nothing to protect [her] from future retaliat[ion] because [Defendants are] already aware of [her] identity." *Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017); *see also Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying similar request in part because "those who presumably would have any animosity toward [the plaintiff] already know her true identity").

Plaintiff further asserts that revealing her identity would cause her emotional harm and embarrassment. *See* Plf. Br. at 7–9. Although the Court does not doubt the truth of that assertion, a plaintiff must allege more than "public humiliation"—she must provide "corroboration from medical professionals that detail the risk to plaintiff." *Doe v. Combs ("Combs III")*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (collecting cases). That corroborating evidence "must detail how revealing [P]laintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm." *Id.* (collecting cases). Plaintiff provides no such evidence, and the Court cannot "speculate about the nature and severity of any mental injury from disclosure." *Weinstein*, 484 F. Supp. 3d at 95 (internal quotation marks omitted). Because Plaintiff does not establish with "sufficient

6

specificity" the risk of retaliation or mental harm, factors two and three weigh against granting her motion. *Alexander I*, 2025 WL 784913, at *3 (internal quotation marks omitted).

### III. Factor Four: Vulnerability and Age of Plaintiff

The fourth *Sealed Plaintiff* factor considers "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff is an adult and does not claim that she was a minor at the time of the alleged assault. *See Doe v. Combs ("Combs IV")*, No. 24-cv-7777 (LJL), 2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025) ("Courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." (internal quotation marks omitted)). This factor therefore weighs against granting Plaintiff's motion. *See Alexander II*, 2025 WL 1126617, at *3; *Combs I*, 2025 WL 950685, at *4; *Alexander I*, 2025 WL 784913, at *3.

### IV. Factor Five: Government or Private Actor

The Court must also consider "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. A plaintiff's interest in proceeding anonymously is stronger where "a lawsuit challenges governmental actions, actors, or policies." *Doe v. Solera Cap. LLC*, No. 18-cv-1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Defendants are all private individuals, and thus this factor weighs against granting Plaintiff's motion.

### V. Factor Six: Prejudice to Defendant

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. "In assessing whether such prejudice exists, courts examine the reputational damage to defendants, difficulties in conducting

7

discovery, and fundamental fairness of proceeding anonymously." *Combs I*, 2025 WL 950685, at *5.

Plaintiff contends that Defendants will not be prejudiced by an anonymous proceeding because she has already provided her name to Defendants. *See* Plf. Br. at 9. Although this will mitigate some of the prejudice to Defendants, it is insufficient to tilt this factor in her favor because, even where the defendant knows the plaintiff's identity, "concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Doe v. Freydin*, No. 21-cv-8371 (NRB), 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021). For example, "persons with information about Plaintiff or her allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Alexander I*, 2025 WL 784913, at *3 (alterations and internal quotation marks omitted). "This is especially true in a case like this that happened over ten years ago[,] where evidence and witnesses may be difficult to find." *Id.*

Moreover, Plaintiff "has made serious charges and has put her credibility in issue" by bringing this action. *Shakur*, 164 F.R.D. at 361. "Fairness requires that she be prepared to stand behind her charges publicly." *Id.* Accordingly, this factor weighs against granting Plaintiff's motion.

## VI.  Factor Seven: Status of Confidentiality in the Proceedings

The Court next considers whether Plaintiff's identity has been kept confidential. Plaintiff has already provided her name to Defendants, and acknowledges that she spoke with a reporter about her allegations, though it is unclear whether she did so on the condition of confidentiality. *Compare* Plf. Br. at 3 (confirming she spoke to reporter without mentioning confidentiality), *with* Dkt. No. 17 ("Defs. Opp.") at 1 (asserting that Plaintiff "initiated contact with the press" and "did not speak to the reporter on the condition of anonymity"). Even assuming that Plaintiff's name is

8

not currently within public circulation, this factor would be entitled to little weight in her favor, and is certainly "not significant enough to tip the scales." *Freydin*, 2021 WL 4991731, at *3.

## VII.   Factors Eight and Nine:  The Public Interest

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity." *Sealed Plaintiff*, 537 F.3d at 190.  "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser."  *Branca*, 2022 WL 2713543, at *2. Courts therefore require "something more . . . to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name."  *Id.*  As discussed, Plaintiff has not provided evidence of such harm.  Instead, she submits that she may not proceed in this litigation if required to disclose her identity, and she contends that a denial of her motion would discourage other survivors of sexual assault from coming forward.  However, the "generalized interest in encouraging sexual assault victims to come forward has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity," *Alexander I*, 2025 WL 784913, at *4 (collecting cases), and thus that argument does not alter the Court's analysis, *see also Combs I*, 2025 WL 950685, at *5; *Doe v. Combs ("Combs V")*, No. 24-cv-8810 (LAK), 2025 WL 268515, at *4 (S.D.N.Y. Jan. 22, 2025) (denying leave to proceed anonymously despite "potential chilling effect" because "furthering this interest does not require maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." (internal quotation marks omitted)).

Nor does the ninth factor apply in this case.  That factor asks "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in

knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190.  Plaintiff's "claims are factual in nature, which weighs against anonymity." *Combs I*, 2025 WL 950685, at *5 (internal quotation marks omitted).  Accordingly, these factors weigh against granting Plaintiff's motion.

### VIII. Factor Ten:  Alternative Protections

Finally, the tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190.  "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order." *Combs I*, 2025 WL 950685, at *6; *see also Alexander I*, 2025 WL 784913, at *5 (same).  Accordingly, this factor weighs against Plaintiff.

### CONCLUSION

In sum, factors one and seven weigh in Plaintiff's favor, while the remaining eight point the other way.  Plaintiff has thus not "sufficiently demonstrated that her interest in anonymity outweighs the prejudice to Defendants and the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Alexander I*, 2025 WL 784913, at *5 (internal quotation marks omitted).  Accordingly, the motion to proceed anonymously is denied.  Within seven days of this order, Plaintiff shall file an amended complaint with her true name.  Failure to do so will result in dismissal of this action without prejudice.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 13.

SO ORDERED.

Dated:   May 28, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge